UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SURINDER SINGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 26 C 1639 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| SAMUEL OLSON, Immigration Customs | ) |
| Enforcement and Removal Operations | ) |
| Chicago Field Office Acting Director; | ) |
| KRISTI NOEM, Secretary of the | ) |
| U.S. Department of Homeland Security; and | ) |
| PAMELA BONDI, Attorney General of the | ) |
| United States, in their official capacities, | ) |
| | ) |
| Respondents. | ) |

## ORDER

The Court grants Petitioner's petition for writ of habeas corpus [1]. The Court orders Petitioner's immediate release. The Court further orders that Respondents apply 8 U.S.C. § 1226 and show by clear and convincing evidence that Singh poses a danger to the community or poses a risk of flight such that detention is necessary if they choose subsequently to provide Petitioner with a bond hearing. The Court enjoins Respondents from denying Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him. See Statement.

## STATEMENT

Petitioner Surinder Singh, who is an Indian citizen, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 12, 2026, following his arrest and detention on that same date by immigration officials in the Chicagoland area. Respondents have taken the position that Singh is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pursuant to a recently adopted Department of Homeland Security ("DHS") policy, issued on July 8, 2025, which instructs immigration officials to consider anyone inadmissible under § 1182(a)(6)(A)(i) as "applicants for admission." Singh claims that he instead is entitled to immediate release and a bond hearing pursuant to 8 U.S.C. § 1226(a) because application of § 1225(b)(2)(A) to him violates the Immigration and Nationality Act ("INA") and that Respondents have deprived him of due process by failing to provide him with a bond redetermination hearing. Singh asks the Court to issue a writ declaring Respondents' detention of him under 8 U.S.C. § 1225(b)(2)(A) unlawful and ordering Respondents to release him.

Singh entered the United States on or about October 31, 2023 through a Customs and Border Protection ("CBP") point of entry near Lukeville, Arizona and sought asylum from

persecution in India. Singh passed CBP's initial screenings for fear of return and security checks. Respondents placed Singh into removal proceedings under 8 U.S.C. § 1229a but allowed Singh to remain out of custody and released him into the United States. Singh then timely filed an asylum application detailing the grounds of his fear of return to India. He has valid work authorization and has maintained consistent employment, obtained a social security number, and has been diligently pursing regularization of his immigration status by attending all scheduled hearings. His asylum proceedings remain pending. He has no criminal history.

On February 12, 2026, Immigration and Customs Enforcement ("ICE") agents detained Singh without prior notice or a bond hearing and transported him to the ICE facility in Broadview, Illinois, alleging that Respondents revoked his bond status. After Singh filed his habeas petition that same date, the Court ordered that Respondents not remove Singh from the jurisdiction of the United States and not transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651. Doc. 5. The Court also ordered that Respondents respond to Singh's petition on February 13, 2026. Singh then filed a reply on February 16, 2026. The Court held a hearing with the parties on February 17, 2026, at which Respondents informed the Court that they had moved Singh to Kay County, Oklahoma.[1] The Court orally ordered the immediate release of Singh and briefly sets forth its reasoning here.

First, the Court finds that it has jurisdiction over Singh's habeas claim because he challenges the lawfulness of his current detention, not the underlying merits of his immigration status or his arrest. None of the jurisdiction-stripping provisions of § 1252 apply to this case where Singh only challenges his allegedly unlawful detention without a bond hearing and not other immigration decisions. *See Loza Valencia v. Noem*, No. 25 C 12829, 2025 WL 3042520, at *1–2 (N.D. Ill. Oct. 31, 2025) (rejecting Respondents' arguments that § 1252(a)(2)(B)(ii), § 1252(b)(9), or § 1252(g) prevent a district court's ability to consider habeas petitions for detention hearings); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610, at *2–3 (N.D. Ill. Oct. 20, 2025) (same); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *2–4 (N.D. Ill. Oct. 16, 2025) (same). The Supreme Court has not precluded the Court's review of this decision. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (Section 1252(b)(9) "does not present a jurisdictional bar" where petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability

---

[1] The Court notes that it specifically ordered Respondents to keep Singh within Illinois, Indiana, or Wisconsin and entered that order on the same date Respondents took Petitioner into custody. Petitioner filed his habeas petition at 4:22 PM and the Court entered its order an hour later at 5:24 PM. Nevertheless, Respondents moved Petitioner from Broadview, Illinois to Kay County, Oklahoma in spite of the Court's order not to move Petitioner to anywhere other than Illinois, Indiana, or Wisconsin. As a result of Respondents' action, Singh must now find his way from Kay County, Oklahoma back to the Chicagoland area – a feat more difficult, time-consuming, and expensive than returning from Illinois, Indiana, or Wisconsin. It adds insult to the injury of being wrongfully detained in the first instance, which may be Respondents' objective. To say that the Court is deeply troubled by Respondents' failure to abide by a clear court order is an understatement. The Court places Respondents on notice that the Court will hold a show cause hearing as to why the Court should not hold Respondents in contempt should Respondents continue this pattern of ignoring this Court's orders, especially because this pattern is apparently rampant. *Juan T.R. v. Noem*, No. 26-CV-0107, Doc. 10 (D. Minn. Jan. 28, 2026) (attaching an appendix that identifies 96 court orders that ICE violated in 74 cases in the District of Minnesota since January 1, 2026).

will be determined"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (Section 1252(a)(2)(B)(ii) did not apply to a challenge to the "extent of the Attorney General's authority under the post-removal-period detention statute," which "is not a matter of discretion"); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders" (internal quotation marks omitted)).

Next, while Respondents may argue that Singh has not exhausted available administrative remedies, no statutory requirement for exhaustion exists. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); *H.G.V.U.*, 2025 WL 2962610, at *3–4. Instead, "sound judicial discretion governs" whether exhaustion should be required. *Gonzalez*, 355 F.3d at 1016. The Court may excuse exhaustion where, among other things, "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue." *Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002). Here, requiring Singh to first seek a bond hearing before an immigration judge and then appeal the decision of the immigration judge before the Board of Immigration Appeals ("BIA") would be futile given that Respondents maintain that Singh is subject to mandatory detention pursuant to § 1225(b)(2) and the BIA has taken the position in *Matter of Yajure Hurtado* that, under § 1225(b)(2), immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." 29 I&N Dec. 216, 225 (BIA 2025).

This brings the Court to Singh's argument that his detention is governed by § 1226, which provides for discretionary detention of noncitizens "already present in the United States" pending the outcome of their removal proceedings, *Jennings*, 583 U.S. at 303, as opposed to § 1225, which requires mandatory detention for those "seeking admission" into the United States, 8 U.S.C. § 1225(b)(2)(A). Those noncitizens already present in the United States may obtain a bond hearing before an immigration judge, at which the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019). Respondents have recently adopted the position that § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission, even those who have been present in the United States for some time, a position adopted by the BIA in *Matter of Yajure Hurtado*. The Fifth Circuit recently reached this same conclusion. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

But the Seventh Circuit reached the opposite conclusion while addressing this issue when resolving a motion to stay. The Seventh Circuit determined that § 1226, not § 1225(b)(2)(A), governs the detention of noncitizens who entered the country unlawfully and whom DHS subsequently detains in the Midwest rather than at the border. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025).[2] The court specifically rejected DHS and ICE's argument that § 1225(b)(2)(A) subjects all noncitizens discovered within the country to mandatory detention, instead noting that "the difference in treatment between a noncitizen at the border and one already in the United States fits within the broader context of our immigration law." *Id*. at 1061.

---

[2] The Seventh Circuit heard further argument in *Castanon-Nava* is early February but has not issued an additional opinion. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050 (7th Cir.).

At least one court in this district has not considered the *Castanon-Nava* decision to be binding precedent because the Seventh Circuit only reached its conclusion in the context of a stay pending appeal. *See Rodriguez v. Olson*, No. 25-CV-12961, 2026 WL 63613, at *5 n.6 (N.D. Ill. Jan. 8, 2026). This Court, however, believes that the Seventh Circuit's statutory interpretation in *Castanon-Nava* is at minimum substantially persuasive and at maximum binding on the Circuit's district courts. *See, e.g.*, *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2663–64 (2025) (Gorsuch, J., concurring in part and dissenting in part) (rejecting argument that "decisions regarding interim relief" lack precedential effect and instead highlighting that "regardless of a decision's procedural posture, its reasoning . . . carries precedential weight . . . on an equivalent record"); *Trump v. J. G. G.*, 604 U.S. 670, 684 (2025) (Sotomayor, J., dissenting) (viewing emergency-docket decision as "creat[ing] new law"). As a different court in this district explained, "the statutory-interpretation issue that the [*Castanon-Nava*] opinion resolved was one purely of *law*, and any adjustments to the *factual* record going forward would not likely alter the legal conclusion." *Perez v. Walsh*, No. 25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026). And an overwhelming majority of district courts to consider this issue across the country have similarly concluded that Respondents' proposed interpretation of § 1225(b)(2)(A) "(1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Alejandro v. Olson*, No. 1:25-cv-02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases); *see also Loza Valencia*, 2025 WL 3042520, at *2–3; *H.G.V.U.*, 2025 WL 2962610, at *4–6; *Ochoa Ochoa*, 2025 WL 2938779, at *5–7 & n.8. Respondents acknowledge that other courts in this district have recently granted habeas relief in cases that are not factually or legally distinguishable from Singh's case. *See* Doc. 12 at 1–2.

The Court therefore joins the Seventh Circuit and many district courts to consider this issue and adopts their reasoning, concluding that § 1225(b)(2)(A) does not apply to noncitizens who are already present in the country. Like the plaintiffs in *Castanon-Nava*, Singh is far beyond "seeking" admission into the United States at the border and Respondents detained him in the Midwest after he had been living here for several years. Given this, the Court finds that Singh is not lawfully detained pursuant to § 1225(b). Instead, § 1226(a) applies to his detention, under which he is entitled to a bond hearing before an immigration judge.

The Court also finds that Singh's detention violates due process. The Due Process Clause applies to noncitizens, regardless of whether "their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Because § 1226(a) applies to Singh's detention, he is entitled to the process outlined in that statute, in other words, an individualized bond hearing before an immigration judge. *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025). As other courts have found, Singh's continuing detention without such a bond hearing amounts to a due process violation. *Loza Valencia*, 2025 WL 3042520, at *3; *H.G.V.U.*, 2025 WL 2962610, at *6 (applying balancing factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), to similar situation to find a violation of due process); *Ochoa Ochoa*, 2025 WL 2938779, at *7 (collecting cases); *Salazar*, 2025 WL 2676729, at *5.

      Therefore, the Court finds it appropriate to grant Singh's habeas petition. The Court orders Respondents to immediately release Singh from custody and, if they so choose, provide him with a bond hearing pursuant to § 1226(a). At that bond hearing, Respondents will have to show by clear and convincing evidence that Singh poses a danger to the community or poses a risk of flight such that detention is necessary. *See Salazar*, 2025 WL 2676729, at *8–9 (analyzing when to shift the burden of proof to the government to justify detention and finding it appropriate to do so to remedy the deprivation of petitioner's due process rights in a similar situation); *see also Ochoa v. Ochoa*, 2025 WL 2938779, at *8 (collecting cases). The Court further enjoins Respondents from denying Singh bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him.

Date: February 17, 2026                                        /s/ Sara L. Ellis